Eddy Silverman, WSBA #53494
Rodney L. Umberger, Jr., WSBA #24948
Xavier J. Gardner, WSBA #60160 (*3/27/2023 Petition for Admission Pending*)
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Email: esilverman@williamskastner.com;
rumberger@williamskastner.com; and
xgardner@williamskastner.com

*Attorneys for Defendant Walmart, Inc.*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELODIE WARREN-BURLET, individually,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a foreign profit corporation; and JOHN/JANE DOES 1-5, individually,<br><br>Defendants. | NO.<br><br>**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL**<br><br>(WHATCOM COUNTY SUPERIOR COURT CAUSE NO. 23-2-00120-37)<br><br>✓*CLERK'S ACTION REQUIRED* |

TO:            CLERK OF THE COURT;

AND TO:    PLAINTIFF MELODIE WARREN-BURLET;

AND TO:    CARRIE M. COPPINGER CARTER of COPPINGER CARTER P.S.,
                   COUNSEL FOR PLAINTIFF

      Pursuant to the provisions of 28 U.S.C. § 1441(a) and (b), 28 U.S.C. § 1446, and 28 U.S.C. § 1332, Defendants hereby remove the above-captioned case from the Superior Court of

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7722233.2
(USDC Case No.            )

1 Whatcom County, Washington, where it is currently pending, to the United States District
2 Court for the Western District of Washington at Seattle.

### I. STATEMENT OF FACTS

A. Underlying Incident

Plaintiff Melodie Warren-Burlet ("Plaintiff") alleges that she suffered injuries after boxes fell on her from a top shelf while shopping at Defendant Walmart's ("Walmart") store in Bellingham, Washington on January 30, 2020. *See* Declaration of Xavier Gardner, Esq., filed in conjunction with this Petition - *see also* Complaint.

B. Relevant Procedural Facts

Plaintiff filed a Complaint in the Superior Court of Washington for Whatcom County on January 27, 2023. *See* attached. There are no specific allegations or representations pertaining to damages in the Complaint (*i.e.*, no specific amounts claimed). *See Id.*

On March 7, 2023, Plaintiff served a response to Walmart's RCW 4.28.360 Request for Statement of Damages. Plaintiff indicated that medical expenses may amount up to ("to not exceed") $50,000 alone, *plus* additional money damages "not likely to exceed" $1,000,000 for (1) past and future pain and suffering, (2) emotional damages, and (3) loss of enjoyment of life, due to the nature and extent of injuries. *See* attached Complaint; *see also* Pl.'s Resp. to Walmart's Request, attached as **Exhibit A** to Declaration of Xavier Gardner, Esq.

### II. AUTHORITY FOR REMOVAL

A. This Case Is Removable Under 28 U.S.C. § 1332

The district courts shall have original jurisdiction of all civil actions where (1) the parties in the case are diverse as defined by 28 U.S.C. § 1332(a)(1)-(4), and where (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The amount in controversy can either be evident "on the face" of the Complaint or ascertained via some later pleading(s) or "other paper" in the record of the state court proceeding. *See* 28

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7722233.2
(USDC Case No.           )

1  U.S.C. § 1446(b)(3); *see also Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (2005). "If
2  the case stated by the initial pleading is not removable solely because the amount in
3  controversy does not exceed the amount specified in section 1332(a), information relating to
4  the amount in controversy in the record of the State proceeding or discovery responses shall be
5  treated as 'other paper' under subsection (b)(3)." 28 U.S.C. 1446(b)(3).  A defendant's notice
6  of removal need only include a "plausible allegation" that the amount in controversy exceeds
7  the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81,
8  89 (2014).  *C.f. Green v. Metal Sales Mfg. Corp.*, 394 F. Supp. 2d 864 (S.D. W. Va. 2005)
9  (considering the plaintiff's allegation of "severe fracture" in finding that amount in controversy
10 "clearly" exceeded $75,000); *Bracken v. Dolgencorp, LLC*, 2018 WL 6249715, at *5 n. 47
11 (E.D. Pa. 2018) (citing more than a half-dozen cases wherein defendants "could have
12 reasonably and intelligently concluded the amount in controversy exceeded $75,000" based on
13 the nature of injuries alleged).

14     When and how removability is "ascertainable" matters with respect to whether removal
15 is timely under 28 U.S.C. § 1446.  There are, generally speaking, two viable "removal
16 periods." *See Harris*, 425 F.3d at 694.  [1] A defendant has 30 days to remove a case if the
17 removability of the case is evident on the face of the complaint, <u>or</u> [2] a defendant has 30 days
18 beyond some later period from which it first becomes ascertainable that the case is removable.
19 *See id.*  ("[T]he first thirty-day requirement [to remove] is triggered by the defendant's receipt
20 of an 'initial pleading' that reveals a basis for removal.  If no ground for removal is evident in
21 that pleading, the case is 'not removable' at that stage.  In such case, the notice of removal may
22 be filed within thirty days after the defendant receives ['other paper'] from which it can be
23 ascertained…that removal is proper.") (internal citations omitted).  The receipt of information
24 "relating to" the amount in controversy in responses to discovery, that sheds light on the nature
25 and extent of damages, can be a triggering event. *Accord* 28 U.S.C. 1446(b)(3).

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7722233.2
(USDC Case No.          )

1    In this case, diversity between the parties is evident on the face of the Complaint. The
2 amount in controversy was not apparent on the face of the Complaint, nor ascertainable from
3 the Complaint allegations; however, information that Walmart received in response to its
4 Request for Statement of Damages has made it reasonably plausible and/or ascertainable that
5 the amount in controversy in this matter is in excess of $75,000. Finally, insofar as Walmart is
6 filing this Notice of Removal within 30 days of service of the subject information, Walmart's
7 Notice is timely, and this case may be properly removed under 28 U.S.C. §§ 1446(b) and 1332.

8    1.   The Amount In Controversy Is Plausibly In Excess Of $75,000

9    Plaintiff did not claim a sum certain in the Complaint or put any numerical value on her
10 alleged damages. Per Plaintiff's response to Walmart's Request for Statement of Damages
11 however, Plaintiff estimates medical expenses may be up to $50,000 alone, while also claiming
12 at least four additional categories of general-type damages up to, or "not likely to exceed,"
13 $1,000,000. *See* Ex. A. Plaintiff alleges Walmart is responsible for all her claimed injuries
14 and damages. *See* attached Complaint. Based on this information, Walmart can reasonably
15 and intelligently conclude that the amount in controversy in this matter is more than $75,000,
16 exclusive of interest and costs.

17    2.   Removal Is Timely

18    Walmart is filing this Notice within 30 days of service of discovery in the state court
19 action revealing the nature and extent of Plaintiff's claimed injuries; therefore, this Notice is
20 timely under 28 U.S.C. § 1446(b)(1).

21    3.   There Is Total Diversity Between The Parties

22    Upon information and belief, Plaintiff is a resident of Whatcom County, Washington.
23 *See* attached Complaint at ¶ 1.1. Thus, Plaintiff is a "citizen of" Washington State. Walmart is
24 (a) incorporated in Delaware, and (b) its principal place of business is in Arkansas. Thus,
25 Walmart is a "citizen of" either Delaware or Arkansas, *but not* Washington State. *See* 28

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7722233.2
(USDC Case No.            )

1  U.S.C. 1332(c)(1) (explaining how to determine corporate citizenship).  Based on the

2  foregoing, there is total diversity between these parties as described in 28 U.S.C. 1332(a)(1).

### III.  PROCEDURAL COMPLIANCE

A.  <u>Substantive State Court Records Have Been Provided With This Removal Petition</u>

Walmart has filed and/or otherwise provided true and complete copies of all substantive records/proceedings filed in the state court proceeding being removed by virtue of this Petition; and these documents constitute all substantive items filed in Whatcom County Superior Court as of the date of filing this Notice.  True and complete copies of the aforementioned are provided as **<u>Exhibit B</u>** to the Declaration of Xavier J. Gardner, Esq. filed in conjunction with this Petition.

B.  <u>Notice Is Properly Filed In This Court; State Court Has Notice Of These Proceedings</u>

This Notice is properly filed in the United States District Court for the Western District of Washington because this Court embraces Whatcom County, the county in which the state court action is now pending.  *See* 28 U.S.C. §§ 128(b) and 1441(a).

Pursuant to 28 U.S.C. § 1446(d), Walmart is filing a copy of this Notice with the Clerk of the Whatcom County Superior Court and is also serving a copy of this Notice on counsel of record in the state court action.

### IV.  CONCLUSION

Walmart hereby removes this matter from the Whatcom County Superior Court to the United States District Court for the Western District of Washington at Seattle pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  By seeking removal, Walmart does not waive any defenses, including but not limited to lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process.

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7722233.2
(USDC Case No.             )

1     DATED this 6th day of April, 2023.

*/s/ Eddy Silverman, WSBA #53494*
Eddy Silverman, WSBA #53494
Rodney L. Umberger, Jr., WSBA #24948
Xavier J. Gardner, WSBA #60160
(*3/27/2023 Petition for Admission Pending*)
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380
Telephone:  (206) 628-6600
Email:  esilverman@williamskastner.com;
rumberger@williamskastner.com; and
xgardner@williamskastner.com

***Counsel for Defendant Walmart Inc.***

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7722233.2
(USDC Case No.            )

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on April 6, 2023, I electronically filed the foregoing and all referenced attachments with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those registered with CM/ECF.

Further, I hereby certify that on April 6, 2023, I provided the foregoing to following non-CM/ECF participants via Electronic Mail/Email:

| COPPINGER CARTER P.S.<br>Carrie M. Coppinger Carter, WSBA #28817<br>100 Central Avenue<br>Bellingham, WA 98225-4406<br>Telephone: (360) 676-7545<br>Email: ccc@coppingercarter.com and<br>service@coppingercarter.com<br><br>*Counsel for Plaintiff Melodie Warrant-Burlet* | ☒ Email/Per E-Service Agreement |
|---|---|

                */s/ Eddy Silverman, WSBA #53494*
                Eddy Silverman, WSBA #53494
                Rodney L. Umberger, Jr., WSBA #24948
                Xavier J. Gardner, WSBA #60160
                (*3/27/2023 Petition for Admission Pending*)
                WILLIAMS, KASTNER & GIBBS PLLC
                601 Union Street, Suite 4100
                Seattle, WA 98101-2380
                Telephone: (206) 628-6600
                Email: esilverman@williamskastner.com;
                rumberger@williamskastner.com; and
                xgardner@williamskastner.com

                *Counsel for Defendant Walmart Inc.*

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7722233.2
(USDC Case No.            )